IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Shane W. Young, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:22-cv-50222 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's motion for leave to file a supplemental pleading [102] is granted.

**I. Background**

On June 22, 2022, Plaintiff Shane W. Young filed this suit alleging that Experian Information Solutions, Inc. ("Experian") and First Advantage Background Services Corp. ("First Advantage") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* ("FCRA"). Dkt. 1. Specifically, Plaintiff alleges that as part of a new job opportunity in April 2022, he was required to successfully pass a background check prepared by First Advantage. However, Plaintiff was unable to begin work because his "background check showed his Social Security Number had been flagged for fraud." Dkt. 1 ¶18.

Plaintiff alleges that Experian "reported inaccurate information that Plaintiff's Social Security Number was associated with a deceased person in one or more consumer report(s), which it sent to First Advantage." *Id.* ¶58. In April 2022, Plaintiff contacted First Advantage to dispute its inaccurate reporting. Thereafter, in May 2022 Plaintiff contacted Experian to do the same. On May 31, 2022, Experian notified Plaintiff that it made several changes to his credit file. However,

1

Plaintiff's background check still identified an issue with his social security number. As a result, Plaintiff's job offer was rescinded. Accordingly, Plaintiff brings two counts in his complaint: (1) Experian and First Advantage violated 15 U.S.C. § 1681e(b) of the FCRA by failing to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer reports; and (2) First Advantage violated 15 U.S.C. § 1681i of the FCRA by failing to complete a reinvestigation of Plaintiff's dispute regarding the inaccurate information in his credit file within the prescribed 30-day time period (May 29, 2022) and by failing to promptly delete the inaccurate information.[1]

After Defendants answered the complaint, in September 2022 this Court adopted the parties' proposed case management order. Dkt. 30. The discovery deadlines included a December 1, 2022 deadline to file amended pleadings, add counts or parties, and file third-party complaints and a May 1, 2023 deadline to complete fact discovery. Dkt. 30. Although the parties sought several extensions of the fact discovery deadline, which ultimately closed on August 15, 2023, Dkt. 73, the deadline for amending pleadings was not extended.

On April 19, 2023, Plaintiff filed a new lawsuit alleging substantially similar facts to those in the instant case but asserting a new claim against Experian for violations of 15 U.S.C. § 1681i. *Young v. Experian Information Solutions, Inc.*, Case No. 3:23-cv-50131 (N.D. Ill.) ("2023 Case"), Dkt. 1. Plaintiff alleges that during discovery in the instant case, Plaintiff obtained evidence that despite contacting Experian on May 31, 2022 to dispute its inaccurate reporting of Plaintiff as deceased in his credit file, Experian failed to conduct any reinvestigation regarding the disputed information within the prescribed 30-day time period (by June 30, 2022) and failed to promptly

---

[1] Pursuant to the stipulation of the parties, on February 28, 2023, the claims against First Advantage were dismissed with prejudice. Dkt. 50. As such, only Plaintiff's claim against Experian under 15 U.S.C. § 1681e(b) remained.

2

delete the deceased notation from Plaintiff's credit file. Because evidence supporting this claim was recently discovered and the claim did not accrue until June 30, 2022, after Plaintiff filed his complaint in the instant case, Plaintiff brought the new claim in the 2023 Case. *See* 2023 Case, Dkt. 27.

On November 6, 2023, the district judge granted Experian's motion to dismiss in the 2023 Case on claim-splitting grounds, finding the case duplicative of the instant case. 2023 Case, Dkt. 36. The district judge found that Plaintiff's newly alleged legal theories belong in the instant case and not in a separate suit but left the issue of allowing a supplemental pleading to be addressed in the instant case. Accordingly, on November 27, 2023, Plaintiff filed the instant motion for leave to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), seeking to add a new claim against Experian for violations of 15 U.S.C. § 1681i. Dkt. 102. Experian filed a response opposing the motion, and Plaintiff filed a reply. Dkts. 110, 112.

## II. Discussion

Federal Rule of Civil Procedure 15(d) provides that, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "To determine whether 'just terms' exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under 15(a)." *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 cv 2131, 2011 WL 1642518, at *1 (N.D. Ill. Apr. 29, 2011) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)). However, when a scheduling order has been entered and the deadline to file amended pleadings has passed, the party seeking an amendment must first demonstrate good cause under Rule 16(b)(4) before Rule 15(a)'s more liberal standard for

3

amendment applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

In this case, the parties' deadline to amended pleadings and add counts was December 1, 2022. Dkt. 30. Plaintiff did not file the instant motion for leave to file a supplemental pleading until nearly a year after this deadline. Accordingly, Plaintiff must first show good cause for amending the scheduling order under Rule 16(b)(4) before proceeding under Rule 15. *See Alioto*, 651 F.3d at 719.

**A. Rule 16(b)(4)**

The Seventh Circuit has stated that, when "making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720. "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving toward trial." *Id*. (internal quotations omitted).

In support of diligence, Plaintiff explains that at the time he filed his original complaint he did not yet have a § 1681i claim against Experian because the statutory period for Experian to reinvestigate his dispute did not expire until June 30, 2022. Once discovery was underway, Plaintiff requested discovery to determine the propriety of supplementing his complaint to add a § 1681i claim against Experian. However, even after discovery was underway in the instant case, it was not until March 9, 2023, at Experian's Rule 30(b)(6) deposition, that Plaintiff obtained evidence to support a § 1681i claim against Experian. Shortly thereafter, Plaintiff's counsel contacted Experian's counsel about stipulating to allowing Plaintiff to file a supplemental complaint to add a § 1681i against it in this case. After receiving no stipulation from Defendant and in light of the December 1, 2022 amended pleading deadline, Plaintiff brought the new claim in the 2023 Case.

4

"A party meets the good cause standard if it promptly moves to amend the pleadings after learning facts which provide the basis for the amendment." *Downing v. Abbott Laboratories*, No. 15 C 05921, 2017 WL 4535973, at *4 (N.D. Ill. Oct. 11, 2017) (internal quotation marks and citation omitted). Courts across the country find that a party's delay in seeking leave to amend is considered reasonably diligent when it is for the purpose of ensuring there is sufficient evidence to justify the amended pleading. *See, e.g., Patrick v. Cowen*, No. 3:14-CV-782-RLM-CAN, 2015 WL 13668669, at *2 (N.D. Ind. Mar. 26, 2015) (counsel's efforts to determine the propriety of raising an FMLA claim constituted due diligence, demonstrating good cause under Rule 16 to file a motion for leave to amend 60 days after the amended pleadings deadline); *AFS Logistics, LLC v. Tetria Glob. Logistics*, No. 4:21-CV-01086-O, 2022 WL 3904697, at *2 (N.D. Tex. May 11, 2022) (finding good cause where the plaintiff waited for document production to confirm the defendants' involvement before amending); *see also Weisheit v. Rosenberg & Assocs., LLC*, No. CV JKB-17-0823, 2018 WL 1942196, at *3- 4 (D. Md. Apr. 25, 2018) (some delay in moving to amend resulting from taking time to weigh the implications of amending a complaint does not necessarily undermine a finding of diligence).

Nevertheless, Experian argues that because Plaintiff was aware of a potentially viable § 1681i claim at the time the instant complaint was filed, he should have alleged the claim "at the outset" and obtained "confirmation through discovery later." Dkt. 110 at 8. But Experian does not dispute that Plaintiff's claim did not arise under the statute until *after* Plaintiff filed the instant complaint. After the original complaint was filed, Plaintiff required leave of court to supplement under Rule 15(d). This Court finds that Plaintiff exercised due diligence by delaying the addition of his § 1681i claim against Experian until he could determine the propriety of raising such a claim consistent with Rule 11. *See* Fed. R. Civ. P 11(b)(3) (obligating counsel to ensure that a

5

complaint's "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

Although Experian questions Plaintiff's discovery strategy, arguing Plaintiff should have obtained evidence in support of his § 1681i claim sooner, Plaintiff goes to great lengths to explain the reasons for the discovery he sought in pursuit of this claim. *See* Dkts. 102, 112. This Court does not find Plaintiff's discovery strategy supports a lack of diligence. Plaintiff initiated discovery as soon as this Court entered a case management order and as explained in Plaintiff's motion, he did not obtain evidence that Experian failed to reinvestigate within the statutory period until a deposition on March 9, 2023. This was approximately six months after discovery was initiated between the parties, and shortly after receiving this evidence Plaintiff made Experian aware of his intention to add the new claim.

Experian also takes issue with Plaintiff's delays after obtaining evidence in support of the new claim. Experian first argues that Plaintiff was not diligent between March 9, 2023 when he obtained evidence at the deposition, and March 28, 2023 when he first contacted defense counsel. However, Plaintiff's counsel has filed an affidavit in support of his diligence, averring that he did not receive the deposition transcript until March 22, 2023 and during that time he was preparing Plaintiff for his deposition and preparing the supplemental complaint for Experian's review. Dkt. 112-1. Experian next argues that Plaintiff was not diligent between March 31, 2022 when Plaintiff originally indicated he would file the second lawsuit if Experian did not stipulate to the new claim, and April 19, 2023 when he filed the 2023 Case. Plaintiff's counsel explains that during that time he was conducting discovery in the instant case, noting that the original fact discovery deadline in this case was May 1, 2023. On April 16, 2023, Plaintiff received Experian's deposition transcript *errata* and confidentiality designations and three days later filed the 2023 Case. Lastly, Experian

6

argues that Plaintiff was not diligent between November 6, 2023 when the district judge dismissed the 2023 Case, and November 27, 2023 when he filed the instant motion to supplement. Plaintiff's counsel avers that during this time he was researching applicable law on amending pleadings after the close of discovery and exchanged multiple emails with defense counsel discussing Experian's position on Plaintiff's motion to supplement.

Accordingly, this Court finds that under the circumstances of this case Plaintiff has demonstrated good cause for extending the amended pleading deadline under Rule 16(b)(4). With the amended pleadings deadline extended, this Court must now evaluate Plaintiff's motion under Rule 15(d).

**B. Rule 15(d)**

"To determine whether 'just terms' exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under 15(a)." *Masonite Corp.*, 2011 WL 1642518, at *1 (citing *Glatt*, 87 F.3d at 194). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ultimately, "[i]t is within the sound discretion of the district court whether to grant or deny a motion to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992); *see also Glatt*, 87 F.3d at 193.

Experian argues that this Court should not allow Plaintiff to supplement his complaint because of Plaintiff's undue delay in seeking to supplement and the undue prejudice that would result. For the reasons stated above, this Court finds that Plaintiff's delays in seeking to supplement

7

his complaint do not warrant denial of his motion. Moreover, delay in the absence of prejudice is not enough to warrant denial of a motion to supplement. *See, e.g., Life Plans*, 800 F.3d at 358.

As for Experian's assertion of undue prejudice, Experian states it "would be clearly prejudiced if Plaintiff were granted leave to amend his Complaint to add a new claim but fact discovery in this case remained closed." Dkt. 110 at 10. Fact discovery in the instant case closed on August 15, 2023, and the parties are currently conducting expert discovery. However, as Plaintiff points out, Experian could have sought discovery related to this claim in the 2023 Case pursuant to the parties' case management order in that case. Regardless, Federal Rule of Civil Procedure 15(d) provides that the Court may allow a party to supplement their pleading on "just terms." Fed. R. Civ. P. 15(d). This Court agrees that allowing Plaintiff to add a new claim without allowing Experian to conduct the necessary discovery to defend against the claim, even if some discovery was conducted in the 2023 Case, would be prejudicial. To assure that no prejudice results from the supplemental complaint, this Court will allow the parties to reopen discovery solely as it relates to the § 1681i claim against Experian.

### III. Conclusion

For these reasons, Plaintiff's motion for leave to file a supplemental pleading [102] is granted.

Date: February 6, 2024　　　　　　By:　　*Lisa A. [signature]*
　　　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge